J. R. WILEY v. BROADDUS & IVES LUMBER COMPANY.

(Filed 11 October, 1911.)

1. Standing Timber—Timber Deed—Unilateral Contracts—Time for Cutting—Expiration—Title to Uncut Timber.

One who has purchased and had conveyed to himself growing timber, with the privilege of removing it within a given time, is under no obligation to cut and remove the timber, to that extent the contract being unilateral; and upon his failure to do so within the stated period, his right or estate therein is forfeited, and it inures, as a rule, to the owner of the land.

2. Standing Timber—Timber Deeds—Contracts—Interpretation.

In construing a deed conveying the timber interests in lands, the intent of the parties as embodied in the entire instrument controls, and each and every part must be given effect, if it can be done by any fair and reasonable interpretation.

3. Standing Timber—Timber Deeds—Vendor to Cut and Deliver— Bilateral Contracts—Breach—Damages.

When it appears from a deed conveying timbered interests in land, under the rules of interpretation applicable, that the vendor was to cut and deliver the timber at the log bed of the vendee, and the vendee was to pay therefor a certain price per thousand feet, and also by express provision that a certain sum first therein referred to as the consideration was only an advancement on the contract price and to be accounted for as the lumber was delivered, the contract is bilateral, and the vendor is entitled to recover such damages as he may have sustained by reason of the vendee's breach thereof.

4. Same—Consideration—Questions for Jury.

In an action for the breach by defendant of a conveyance of all timber standing upon certain described lands, wherein the plaintiff was to cut and haul the timber to defendant's log bed, there was evidence for the plaintiff tending to show that he had sold the pine timber on the land for a less price than it was worth by itself because of gum timber thereon which was included in the sale; and that after receiving the pine, the defendant, in breach of his contract, refused to receive the gum timber, to plaintiff's damage, for that the gum timber was worth less than the contract price, and, by reason of the removal of defendant's tramroad, built for the purposes of the conveyance, was of little value. The evidence of defendant tended to contradict that of plaintiff, and to show the damages to be much less than the amount claimed: *Held,* the amount of damages plaintiff sustained was properly submitted to the jury, under a correct charge of the judge in this case.

5. Standing Timber—Timber Deeds—"All Timber"—Interpretation of Contracts.

Defendant purchased "all timber" on plaintiff's land under a contract wherein plaintiff was to cut and deliver the timber at defendant's log bed: *Held,* under a correct interpretation of the contract in this case, that the words "all timber" did not include such timber as was of no value, but only such as was fit to be used and sawed and put into boards for ordinary purposes for which timber of that character could be used by sawmill men.

APPEAL from *Ferguson, J.,* at February Term, 1911, of CRAVEN.

Civil action to recover damages for breach of contract concerning the sale of timber and cutting and logging same.

It appeared that on 12 May, 1906, plaintiff and another sold to defendant "all the pine and gum timber of every description above the size of 12 inches at the base on a certain tract of land; the written contract of conveyance and sale providing that defendant should have full time to have said timber cut and removed from said land, and extending in any event for such purpose to the full term of three years. The instrument also conveyed to defendant, the grantees, the privilege to have a right of way over the grantors' lands and to erect thereon necessary tramroads, etc., for the purpose of carrying out the timber; and there was further provision that the grantors were to cut and deliver said timber at the log bed of defendants' tramroad and to be paid therefor at the rate of $4 per thousand, etc. It was admitted that the present plaintiff was the owner of one-half interest in the land and timber and the contract concerning same and that defendants had acquired the rights and interests of the other parties.

There was allegation, with evidence on part of plaintiff, tending to show that plaintiff was ready, able, and willing to cut and deliver all the timber as provided for by the contract, and that defendant, after having received the pay for the greater part of the pine timber, wrongfully and in breach of the contract had refused to receive the gum timber and had torn out and removed the tramroad, etc., to plaintiff's damage.

Recovery was resisted on part of defendant on the ground, chiefly, that the contract only conveyed the timber, giving the right to remove the same in three years, and that no breach thereof was committed in leaving part of the timber on the land.

(2) That in any event the damages would be only nominal, as the timber not taken would remain on the land and become property of plaintiff.

On issues submitted, the jury rendered the following verdict:

"1. Were plaintiffs at all times able, ready, and willing during the term of the contract to perform the contract, as alleged? Answer: Yes.

"2. Did defendant fail and refuse to perform the contract on its part, as alleged? Answer: Yes.

"3. If so, what damage is plaintiff entitled to recover therefor? Answer: $300, being for the plaintiffs' half, without interest."

Judgment on the verdict, and defendant excepted and appealed.

*Guion & Guion* and *W. D. McIver for plaintiff.*
*Moore & Dunn for defendants.*

HOKE, J., after stating the case: There is no reversible error shown in the record. Defendant is right in the position that when one has bought and paid for a lot of growing timber, and same has been conveyed him with the privilege of removal within a given time, the contract as to the removal is so far unilateral that the purchaser is not obligated to cut and remove the timber. If he fails to do so within the time, his right or estate therein is forfeited and inures as a rule to the owner of the land. We have so held in two cases ·at the last term. *Hornthal v. Howcott,* 154 N. C., 228; *Bateman v. Lumber Co.,* 154 N. C., 248.

But the contract in question here is not of that character. Applying to it the accepted rule of construction, "That the intent of the parties as embodied in the entire instrument is the end to be attained, and that each and every part must be given effect, if this can be done by any fair and reasonable interpretation" (*Davis v. Frazier,* 150 N. C., 451), a perusal of this entire instrument will disclose that while it begins by reciting $450 as the consideration, the controlling stipulation of the contract provides that the parties plaintiff were to cut and deliver "said timber" at the log bed, and the parties defendant were to pay for the same the sum of $4 per thousand "feet," and it is also expressly provided that the $450 first referred to as the consideration was only an advancement on the contract price and to be accounted for as the timber was delivered. The contract in this instance was therefore bilateral in its obligations, and the verdict has established that· there was a breach of same on part of defendant giving plaintiff a right to recover.

On the issue as to damages there was testimony from plaintiff tending to show that he had bargained the pine timber at a

WILEY *v.* LUMBER CO.

less price than it was worth by itself, because of the fact that he had sold the gum with it, and this last, which was what defendant had failed and refused to receive, was not by itself worth the contract price, and by reason of the removal of defendants' tramroad was of very little value. There was testimony on part of defendant on this issue in contradiction of that of plaintiff, and also tending to show that plaintiff's damage was not near so much as he claimed; but the question was submitted to the jury under a correct charge, and we find no valid reason for disturbing their verdict.

After laying down the general rule of damages and giving special illustration in aid of its application, the court further said: "That will explain what I mean when I say he is to have $4 per thousand, less the value of the timber as it stood upon the ground, whatever you may find that to be, and less whatever you find from the evidence the expense would be to deliver—to cut and deliver it to the tramroad, the place stipulated in the contract. But understand, that as the plaintiff is not the only one interested in the quantity of timber, he would be entitled to only half, because the other half is not his, and he would not be entitled to recover for that.

"Something has been said about the character of the timber. I charge you that such timber as was not of any use, of no value, would not be in the contemplation of the parties to the contract, and would not be included in the description of 'all timber.' And yet it would not mean such timber only as was first quality timber; it would mean such timber as could be used and sawed up and put into boards for ordinary purposes for which gum timber can be used by sawmill men."

We are of opinion, as stated, that the cause has been fairly and correctly tried and that the judgment in plaintiff's favor should be affirmed.

No error.