GUSHARD ET AL. *v.* MOYER ET AL.

[No. 13,176. Filed December 19, 1928. Rehearing denied March 13, 1929. Transfer denied June 12, 1931.]

*W. H. Eichhorn, Frank W. Gordon* and *John Edris,* for appellants.

*D. F. Brooks,* for appellees.

ENLOE, C. J.—This was an action by the appellees against the appellants, based upon certain indemnity contracts. The cause was tried by the court, which made a special finding of facts and stated conclusions of law thereon. From a judgment, several as to each appellant, this appeal is prosecuted upon an assignment of errors challenging the validity of conclusions of law stated, and also the action of the court in overruling the motion for a new trial.

It appears from the special finding of facts that, in 1913, the plaintiffs and defendants herein, with others not parties to this suit, organized the Farmers Elevator Company, of Laketon, Indiana; that George N. Moyer, Fred Barnhart, Quincey A. Earl, Jacob H. Miller, Albert J. Nordman, Charles Schwenk and George C. Baker, appellees herein, were selected and chosen as the first directors of said corporation, and thereafter continued as such until 1925, when said corporation was placed in the hands of a receiver, as being insolvent; that on February 1, 1922, the said corporation was indebted to various banks and individuals in the sum of $47,100, which indebtedness was evidenced by promissory notes, signed by the corporation and also by said directors, individually, as sureties thereon; that on said date, the said directors met with a number of the stockholders of said corporation and presented to said stockholders for their execution a certain indemnity contract, by the terms of which, the signing stockholders agreed to indemnify said directors against loss, in such proportion as the shares of stock held by each stockholder should

bear to the total number of shares of stock held by the signing stockholders and by the said directors who had indorsed said notes, the limit of liability on account of such indebtedness, as to the stockholders signing said contract, being fixed at $15,000, the said agreement, as shown by the terms thereof, being executed for the purpose of inducing said directors to proceed with the matter of conducting the business of said corporation and of establishing and maintaining a line of credit; that, on January 12, 1923, the indebtedness of said corporation was in excess of $50,000, and, on said date, a new agreement for indemnity was executed by the appellants herein, for the maximum sum of $40,000, to the said directors, which liability as to each stockholder was upon the same basis or proportion as the contract of February 1, 1922, and which last agreement the court found "was intended to be, and was a substituted contract for the contract of indemnity" executed February 1, 1922; that said last contract, as to the purpose for which the same was executed, recites: "That whereas, it is necessary for the Farmers Elevator Company, of Laketon, Indiana, to establish a line of credit and to borrow from time to time in the operation and conduct of its business, sums of money, the directors and officers or some of them guaranteeing the notes to be executed for loans by said Company," and the said agreement then proceeds as follows: "It is hereby stipulated and agreed, by and between the undersigned, each with the other and with any officers or directors of the Farmers Elevator Company of Laketon, Ind. signing, guaranteeing, or endorsing the notes or paper of the Farmers Elevator Company, of Laketon, as follows to wit"—here follows the stipulation fixing the liability of the said stockholders signing said agreement, which liability was in proportion to the number of shares of stock held, and was the same as in the agreement of February 1, 1922. Each and all of

the appellants signed said agreement of January 12, 1923, and, upon the trial, the court found and stated the number of shares of stock in said company owned and held by each of the appellants.

The court further found that in July, 1925, the said company was indebted in the sum of $55,344.31 and was insolvent; that the receiver had paid out in reduction of the indebtedness of said company all available funds coming into his hands, and, after making such payments, there remained of said indebtedness the sum of $44,275.45 with some accrued interest thereon, which indebtedness had been, prior to the commencement of this suit, by the appellees as sureties thereon, fully paid off and discharged. The court also found the amounts severally due from the appellants to the appellees, based upon the number of shares of stock held by each.

The first conclusion of law as stated by the court was: "That the plaintiffs are entitled to recover of and from each defendant, severally, the sum of money set opposite his respective name, as follows," here followed a statement of the number of shares of stock held by each, and also the pro rata share of the said indebtedness which each of said parties should pay. The second conclusion was: "That plaintiffs are entitled to recover of and from each defendant one thirty-second (1/32) of the costs in this action laid out and expended." The court rendered judgment in harmony with the conclusions of law stated.

The appellants challenge the first conclusion of law as being erroneous and say: "The findings show that only six of the seven plaintiffs were parties to the contract upon which the recovery is awarded. A conclusion of law awarding a joint recovery to all of them is erroneous." We cannot concur in this contention. It was not necessary that any of the directors of said corporation should sign said bond. It was an

instrument executed for their benefit, and was, in effect, an offer or proposition submitted by the said several stockholders to said directors, and, in effect, saying to such directors: "Keep this business going, borrow what money may be necessary and sign the notes of the company as surety thereon, and we will, in proportion to the shares of stock held by us and by you, indemnify you." Also, by the express wording of the said bond, the makers agreed to "reimburse and indemnify such endorsers or guarantors" as should be compelled to take up or pay off the notes or liens of the company. The undertaking was not to such of the officers or directors of said company *as should sign the said agreement*. Appellee Jacob H. Miller, while he did not sign said agreement, was a director of said company and indorsed its notes, and thereby became one of the beneficiaries of said bond to the same extent as if he had signed the same.

It is next urged that the court erroneously construed said bond to apply to past indebtedness, and therefore erred in its first conclusion of law. We cannot concur in this contention. It appears from the record that the trial court heard evidence concerning the execution of said two indemnity contracts and, upon the evidence adduced, found that said contract of January 12, 1923 was intended as a substitute for and "replaced and voided" said contract of February 1, 1922. Also, each of said contracts, upon its face, shows that the aim and object which it was desired to accomplish by its execution was the establishing and maintaining of a line of credit. The company was heavily in debt, and certainly its line of credit could not be maintained if such past due indebtedness was not taken care of. To take care of this indebtedness, the notes evidencing the same were, from time to time, after said contracts were executed, renewed, as found by the

court, the appellees becoming sureties on such new notes. The protecting of the credit of said company by signing such renewal notes was, as appears from the record, the real consideration for the promise of appellants to indemnify the appellees, as expressed in said contract.

We have considered each ground urged by appellants herein for a reversal, but find no error therein.

Affirmed.