Max Berlinger *v.* Samuel Bernstein, Appellant.

Argued March 11, 1931. Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM,
BALDRIGE and DREW, JJ.

*David S. Malis,* for appellant.

*Emanuel Moss* of *Moss & Moss,* for appellee.

OPINION BY CUNNINGHAM, J., April 15, 1931:
This appeal is by the defendant from an order of the
municipal court of the County of Philadelphia, making
absolute plaintiff's rule for judgment for want of a

sufficient affidavit of defense. The action was assumpsit upon a written contract of indemnity, alleged to have been executed by the defendant in confirmation of his oral promise to indemnify the plaintiff and several other named individuals against loss by reason of their subscriptions for shares of stock in the Safe and Trustworthy Building and Loan Association of Philadelphia, of which defendant was treasurer. Material averments of plaintiff's amended statement of claim were that at the request of defendant and relying upon his "verbal promise to save [plaintiff] harmless from any loss whatsoever," plaintiff purchased twenty-five shares of the stock and paid into the association on account thereof the sum of $1,625. Defendant subsequently, October 2, 1928, delivered "a written agreement setting forth therein the terms of the verbal promise." On November 18, 1929, plaintiff gave notice of his intention to withdraw; receipt thereof was acknowledged by the secretary of the association but no part of the $1,625 was returned to plaintiff. On September 5, 1930, plaintiff tendered a transfer of the shares to defendant and demanded repayment from him; upon his refusal this suit was brought.

Attached to the statement, as Exhibit A, was a copy of the contract. After reciting that Joseph Specter and eight other persons, including plaintiff, "have subscribed for, and paid money on account of, certain shares of stock in the Safe and Trustworthy Building and Loan Association, a corporation of Philadelphia, at the request of Samuel Bernstein [the defendant], and his promise to indemnify them and each of them and save them absolutely harmless against any loss whatsoever on payments made, [or] to be hereafter made by them, on said shares," the contract provided "that said Samuel Bernstein hereby agrees to indemnify and save harmless the said subscribers, and each of them from—and against any loss sustained by them, or any of them, on any of their said subscriptions and

payments." A further provision read: "Said subscribers, and each of them, may withdraw or cancel his, her, or their stock, or any part thereof, at any time within the term of two years. In the event of the failure by the said Safe and Trustworthy Building and Loan Association to repay to such withdrawing subscriber, or subscribers at the meeting following the notice of withdrawal or cancellation, the full sum theretofore paid in, the said Samuel Bernstein shall immediately pay to him, her or them, such failure or deficiency." As respects the matter here involved, it was provided that the agreement should be void at the end of two years unless notice of withdrawal or cancellation be given within that time, and that no liability would be incurred by defendant if the association complied with its obligations to the persons for whose benefit the contract was made. The affidavit of defense expressly admitted that plaintiff had paid $1,625 on account of the shares and that the association had not complied with his notice of withdrawal. The execution of the contract by defendant was also admitted, but it was averred that plaintiff had neither signed the contract nor accepted the indemnity therein offered. It was denied that the original purchase of the stock by plaintiff in 1924 was at the request of defendant and upon his verbal promise to indemnify plaintiff. This denial is absolutely inconsistent with the admission that defendant signed the paper in which it was expressly recited that plaintiff and the other subscribers therein designated "subscribed for, and paid money on account of, certain shares......at the request" of defendant and upon "his promise to indemnify them," etc.

The court below properly held that these denials could not "be given any recognition in view of the admission" of the execution by defendant of the contract. Delivery of the contract by defendant to plaintiff is

averred in the above quoted paragraph of the statement and is not denied in the affidavit. Under all the circumstances, this was sufficient to bind the defendant; it was not necessary for the person indemnified to sign the agreement. It must also be remembered that the written contract was not the beginning of the transaction; it was only a confirmation of the fact that the original verbal arrangement was an agreement to subscribe in consideration of defendant's undertaking to indemnify the subscribers. The contention of counsel for the appellant is thus stated in their brief: "We have no quarrel with the proposition of law that a subscription to stock upon an agreement to indemnify is a valid consideration, but in our case that is the only consideration alleged, and the affidavit of defense distinctly and explicitly denies any such agreement. Therefore, as to that phase of the case, there certainly was a question of fact for the jury to determine." The whole case turns upon the question whether plaintiff was induced to subscribe for the stock by defendant's agreement to indemnify him against loss. Appellant's contention is that, although he has solemnly admitted in writing that he made such an agreement as an inducement to plaintiff, he is entitled to go to a jury on the vital question because he has denied in an affidavit of defense the very matters thus admitted.

The court below properly declined to permit the defendant to trifle in this unwarranted manner with a written instrument executed and delivered by him.

Order affirmed.