Battle, J.
 

 In the case of
 
 Hough
 
 v.
 
 Cress,
 
 decided at the last term of this Court, (ante 295,) it was said, that “ with respect to property, purely equitable, whether that of a male or female, relief ought to be had in this Court, whether by an execution against the estate, and a return of
 
 nulla bona, or otherwise,
 
 it appears that there is nothing out of which satisfaction, at law, by execution against property, can be had.” Here, it is stated explicitly in the bill, that no satisfaction of the debt of the plaintiffs could be obtained by an execution at law, because the defendant, Williams, was entirely insolvent for a large amount, and that many executions against him, in other cases, had been returned
 
 nulla bona.
 
 These statements are admitted by the demurrer to be true, and if so, the plaintiffs’ claim to the relief, which they seek, is clear and undoubted. As against this relief, the special cause set forth in the demurrer of the defendant Beasley, the trustee, furnishes no substantial objection. The suit constitutes a
 
 lis pendens,
 
 which certainly prevents an assignment by the debt- or as against his creditor, and would, we think, protect the trustee against the demands of the debtor or his assignee. Hence, there is no necessity for a formal injunction ; as the
 
 *354
 
 Court would, whenever called upon in a proper cáse, make the necessary orders for protecting the fund in the hands of the trustee, so as to have it ready for any decree, which might be made in favor of the creditor.
 

 The demurrers must be overruled with costs, and the cause remanded to, the Court below, in order that the defendants may put in answers,
 

 Eer Curiam, Decree accordingly.