J. A. PRITCHARD ET AL v. D. E. WILLIAMS.

(Filed 19 November, 1919.)

1. **Appeal and Error—Opinion of Court—Issues—Damages.**

   The opinion of court in this case, granting a new trial, suggests that the issue might be amended to read, "To what amount is the value of plaintiff's premises increased by such permanent improvement?"

2. **Damages—Permanent Improvements.**

   Where on the issue for damages the question of permanent improvements enters, such question is a mixed one of law and fact, depending largely upon the circumstances of each case, and the measure of compensa-

tion is the actual enhancement in the value of the lands by reason of the improvements made thereon.

**3. Appeal and Error—Anticipating Error.**

Upon granting a new trial on appeal, the Supreme Court will not ordinarily pass upon matters not presented therein, in anticipation of the law as the Superior Court judge may thereafter rule it to be.

ALLEN, J., dissenting.

PETITION to rehear the opinion in this case, 176 N. C., 108.

*D. H. Tillett and Meekins & McMullan for plaintiffs.*
*Aydlett, Simpson & Sawyer, R. C. Dozier and Ehringhaus & Small for defendant.*

CLARK, C. J.   This is a petition to rehear the well considered opinion, 176 N. C., 108, delivered by *Brown, J.,* for a unanimous Court, at Fall Term, 1918.

After the fullest consideration, we think that our former opinion should be adhered to in every respect, and for the reasons therein so convincingly set forth.   Issue three suggested in the *addenda* to that opinion, "What is the value of such permanent improvements?" we think might be amended in accordance with the provisions of Rev., 655, to read, "To what amount is the value of the premises increased by such permanent improvements?" though doubtless the trial judge would, without this suggestion, have instructed the jury that such was the meaning of the issue suggested.

Under the provisions of Rev., 494, the plaintiff filed in this cause a bill of particulars as to the permanent improvements for which he sought compensation.   We do not think that in this case, in which we have reversed the nonsuit below, we need pass upon what are and are not permanent improvements.   What are permanent improvements is a mixed question of law and fact, depending largely upon the circumstances of each case, and the instructions of the court, if excepted to, will come up on appeal.   Some improvements, which might be deemed permanent in certain surroundings, would be of no value in other circumstances, because unsuitable for the ordinary use of the property.

The measure of compensation is nowhere better discussed than in 14 R. C. L., p. 25, sec. 15, in the course of which it is said: "The measure of compensation is not the original cost of the improvements, but the actual enhancement in the value of the land by reason of the improvements made thereon."

The question raised in the plaintiff's brief as to the restriction or enlargement of damages and rental values (Rev., 654) by reason of the life estate may or may not arise on the trial. It is not, and cannot be, presented by this appeal, and it would be supererogation to instruct the judge below upon a matter as to which his ruling may be satisfactory on the trial, if upon the evidence a ruling should be called for.

Petition dismissed.

ALLEN, J., dissenting: When the former appeal in this action was before the Court we said, "The verdict, when considered in connection with the charge, also establishes that neither the defendant nor any one under whom he claims is a purchaser for value." *Pritchard v. Williams,* 175 N. C., 321.

We must then deal with the defendant as a volunteer and not as a purchaser.

The defendant admitted, while a witness in his own behalf, that he was told before he bought he would buy a lawsuit, and he said he made no further inquiry.

I understand the law to be as stated in *Ijames v. Gaither,* 93 N. C., 361, and many other cases, that "whatever is sufficient to put a party on inquiry, he is presumed to have notice of every fact and circumstance which a proper inquiry would enable him to find out. 1 Story's Jurisp., par. 400; *Blackwood v. Jones,* 4 Jones Eq., 54."

The party who told the defendant he would buy a lawsuit is the one by whom the trust was established, and the defendant, on his own admission, could have learned of the rights of the plaintiffs by a simple inquiry, and, if so, the law says he took his deed with notice of the trust.

"This doctrine of betterments, and the principle upon which it was originally made to rest, is very well stated by *Ashe, J.,* in the case of *Wharton v. Moore,* 84 N. C., 482, as follows: 'This right to betterments is a doctrine that has gradually grown up in the practice of the courts of equity, and, while it has been adopted in many of the States, it is not recognized in others. But it may now be considered as an established principle of equity that whenever a plaintiff seeks the aid of a court of equity to enforce his title against an innocent person who has made improvements on land without notice of a superior title, believing himself to be the absolute owner, aid will be given him only upon the terms that he shall make due compensation to such innocent person to the extent of the enhanced value of the premises by reason of the meliorations or improvements, upon the principle that he who seeks equity must do equity.' Here it will be noted that the claimant must be an innocent person, and in any correct statement of the principle will be found this or some equivalent requirement indicating that the occupant made the expenditures in good faith—that is, that he believed, and had reasonable

ground to believe, at the time they were made, that he was the true owner." *Alston v. Connell,* 145 N. C., 4.

It also appears that the defendant was the owner of a life estate at the time he made the improvements, and, "It is the general rule that a life tenant is not entitled to compensation from the remainderman for the enhancement of the property by reason of his improvements, nor can a charge upon the lands or the inheritance be made for such improvements, it being generally held that a life tenant does not come within the purview of the betterment or occupying claimant's acts. The reasons for this rule are that the life tenant should not be permitted to consume the interest of the remainderman by making improvements that the remainderman cannot pay for, or that he does not desire, and, also, that improvements are made for the immediate benefit of the life estate, and usually without reference to the wishes of the remainderman. Mere knowledge on the part of the remainderman that improvements are being made and passive acquiescence therein are not sufficient to charge him with the cost thereof." 17 R. C. L., 635.

*Smith, C. J.,* said, in *Merritt v. Scott,* 81 N. C., 387: "We think it clear that improvements of any kind put upon land by a life tenant during his occupancy, constitute no charge upon the land when it passes to the remainderman. He is entitled to the property in its improved state, without deduction for its increased value by reason of good management, or the erection of buildings by the life tenant, for the obvious reason that the latter is improving his own property and for his own present benefit. This proposition is too plain to need the citation of authority."

This rule has only been relaxed in favor of a purchaser who made the improvements in good faith under a deed purporting to convey the fee, which he accepted under the advice of learned counsel (*Faison v. Kelly,* 149 N. C., 285), and not in behalf of one, who is not a purchaser for value, and who took his deed with notice of the trust.