MRS. KATE TEASLEY AND H. M. TEASLEY v. H. W. BURWELL AND MRS. H. W. BURWELL.

(Filed 16 June, 1930.)

**1. Highways B i—Testimony of cautions given the driver by guest injured in accident held competent on question of negligence.**

In an action to recover damages for personal injuries sustained by the plaintiff while riding in an automobile as a guest of the defendant, caused by the alleged negligent driving of the defendant, testimony that the plaintiff had cautioned the defendant about her manner of driving immediately preceding the accident is competent as evidence with other evidence tending to establish the fact of negligence.

**2. Trial E c—Instruction in this case held sufficiently full.**

Where the law arising from the evidence introduced upon the trial of an action is simple in its application and not disputed, the trial judge in his instructions to the jury does not commit reversible error in failing to go into great elaboration of detail when the jury must have understood the application of the law to the evidence and the issues. C. S., 564.

APPEAL by defendant, Mrs. H. W. Burwell, from *Shaw, J.,* at October Term, 1929, of MECKLENBURG. No error.

Actions by the plaintiffs to recover of the defendants damages resulting to each of them from personal injuries sustained by the plaintiff, Mrs. Kate Teasley, wife of the plaintiff, H. M. Teasley, and caused, as alleged in the complaints therein, by the negligence of the defendant, Mrs. H. W. Burwell, while driving an automobile owned by her hus-

band, the defendant, H. W. Burwell, were by consent consolidated for trial of the issues raised by the pleadings.

The issues submitted to the jury were answered as follows:

"1. Were the plaintiffs injured by the negligence of the defendants, or of either of them, and if so, which one, as alleged in the complaint? Answer: Yes, Mrs. Burwell.

2. What damages, if any, is the plaintiff, Mrs. Kate Teasley, entitled to recover? Answer: $2,200.

3. What damages, if any, is the plaintiff, H. M. Teasley, entitled to recover? Answer: $150.

From judgment in accordance with the verdict, the defendant, Mrs. H. W. Burwell, appealed to the Supreme Court.

*John M. Robinson and Hunter M. Jones for plaintiffs.*
*J. Laurence Jones for defendants.*

CONNOR, J. On 15 December, 1928, the plaintiff, Mrs. Kate Teasley, was injured when the automobile in which she was riding on a public road in Mecklenburg County, near the city of Charlotte, struck the guard rail of a bridge, across the road, at the foot of a hill, and turned over. The automobile was owned by the defendant, H. W. Burwell, who, however, was not in the automobile at the time plaintiff was injured; it was driven by his wife, the defendant, Mrs. H. W. Burwell. Mrs. Teasley was the guest of Mrs. Burwell. The jury found that Mrs. Burwell was not driving the automobile at the time the plaintiff was injured as the agent of her husband, the owner, and that therefore he is not liable to the plaintiffs for the damages which resulted to each of them from the injuries sustained by Mrs. Teasley.

There is no contention on this appeal that the evidence offered by the plaintiffs at the trial was not sufficient to sustain the allegations in the complaint that each of the plaintiffs was injured by the negligence of Mrs. Burwell while driving the automobile in which Mrs. Teasley was riding as her guest, and that both the plaintiffs suffered damages as the result of her injuries.

The contention that there was error in the admission of evidence tending to show that Mrs. Burwell was cautioned by each of the plaintiffs as to the manner in which she was driving the automobile, a short time before it struck the bridge and turned over, thus causing the injuries to Mrs. Teasley, cannot be sustained. This evidence was competent as tending to show that Mrs. Burwell was driving the automobile negligently, not only at the time the caution was given, but also at the time plaintiff was injured. Only a few moments intervened between the time Mrs. Burwell was cautioned as to the manner in which she was driving

and the accident. In *Harbison v. Barwinskey* (Conn.), 124 Atl., 223, it is said: "Any direction or suggestion made to the driver of the car concerning his conduct in the operation of the car was a circumstance to be considered in weighing that conduct. What he did, and what he was warned or asked not to do, and what caution was given him, were all relevant and material upon the issue of his negligence." Upon the facts shown by the evidence, there was no error in the admission of this evidence.

There is no contention by appellant that there was error in the instructions as given by the court in its charge to the jury. Her contentions that the court failed to instruct the jury that the negligence of Mrs. Burwell in driving the automobile in violation of certain statutes, was not actionable unless such negligence was the proximate cause of the injuries sustained by the plaintiffs, and also failed to instruct the jury with respect to the law applicable to the issues involving the damages which the plaintiffs were entitled to recover, if the jury should answer the first issue "Yes," cannot be sustained. An examination of the entire charge shows a substantial compliance by the judge with the requirements of C. S., 564. When the facts involved in the issues are few and simple, and the principles of law applicable to these facts are well settled, and not controverted, as in the instant case, the statute does not require that the judge shall give elaborate instructions to the jury. He is required only to "state in a plain and correct manner the evidence given in the case, and explain the law arising thereon." Under the practice in this State, the charge is given after counsel for the parties to the action have argued to the jury the whole case, as well of law as of fact. C. S., 203. When there is no controversy between counsel as to the law involved in the issues, and they so state to the jury, as was doubtless done in this case, it is needless for the judge to go beyond the requirements of the statute in his charge to the jury. Elaborate instructions as to the law applicable to the facts which the jury may find from the evidence, often confuse rather than aid the jury. The criticism of the charge of the learned and experienced judge who presided at the trial of the issues which were determinative of the rights of the parties to this action is not, we think, well grounded. The judgment is affirmed.

No error.