Civil action to recover damages for an alleged personal injury, tried upon the usual issues of negligence, contributory negligence and damages, which resulted in a verdict and judgment for the plaintiff.
The plaintiff's evidence tends to show — none was offered by the defendant — that on 9 February, 1930, the defendant invited plaintiff to go with him and two young ladies from Sylva to Asheville, a distance of between fifty and sixty miles, in his new Chrysler automobile. The defendant *Page 45 
had driven from Asheville that morning in fifty minutes, and he stated that he intended to drive back in thirty minutes. He had taken at least two drinks during the day, which fact was known to the plaintiff, as the plaintiff had been drinking with him, but the defendant showed no signs of intoxication at the time they left Sylva.
It was very cold, and at the suggestion of the defendant, the three guests sat with him on the front seat, rather than use the rumble seat.
Plaintiff testified: The defendant was driving and Miss Knoblauch sat next to him. I was sitting on the outside and Miss Bolter was sitting on Miss Knoblauch and me. He began driving a little faster than I thought safe on the road — that road is awful crooked and rough with numerous curves. The further we got away from Sylva the faster he drove. Miss Bolter and I both protested about the speed he was driving, which was between seventy and eighty miles an hour. I wanted to cut the motor off and stop the car, so we could get out or slow down or something, but I had no opportunity to do so. He wouldn't listen to us about speed, but said he could drive all right. He approached this curve (indicating on map) at about seventy miles an hour — so fast that he was not able to take the curve. The car ran over the embankment, turned and nosed up and down, threw Miss Bolter and me out, rolled over four or five times, went farther than from here to the end of the court room, and stopped with wheels in air.
The plaintiff sustained serious and permanent injuries.
Motion to nonsuit; overruled; exception.
Judgment for plaintiff. Defendant appeals.
after stating the case: Conceding, without deciding, that plaintiff may have been negligent in entering defendant's car under the circumstances disclosed by the record, nevertheless there is evidence of wilful or wanton conduct on the part of the defendant in persisting in his reckless driving over the protests of his guests which resulted in plaintiff's injury. This, if nothing else, saves the case from a nonsuit. Notes, N.C. Law Review, December, 1930, p. 98; 61 A.L.R., 1253; 1 R.C.L. Sup., 674. See, also,Teasley v. Burwell, 199 N.C. 18, 153 S.E. 607; Albritton v. Hill,190 N.C. 429, 130 S.E. 5.
No error. *Page 46