STACY, C. J., and BROGDEN, J., dissenting
This is an action to recover damages for personal injuries suffered by the plaintiff, when the automobile in which she was riding as the invited guest of the defendant, and which he was driving on a State highway in Gaston County, suddenly skidded, ran off the highway, and turned over.
It is alleged in the complaint that "on the night of 1 August, 1931, plaintiff was riding with the defendant in his automobile near the town of Belmont, N.C. on a paved highway leading from said town to Gastonia, N.C. and beyond; that it was a dark and rainy night, and the surface of the highway was wet and slippery; that there was much traffic on said highway at the time, and the weather conditions, the wet condition of the highway, the glare of approaching automobiles, and other circumstances, combined to make driving at the time and place of the catastrophe and injuries hereinafter mentioned hazardous and dangerous."
"3. That notwithstanding the hazard and danger incident to driving on said highway at the time and place mentioned, and in disregard of the rights of the plaintiff and her safety, the defendant was driving his automobile at the negligent and reckless speed of sixty-five miles per hour, when suddenly the defendant lost control of his said automobile and permitted it to skid and turn over, causing permanent injuries to the plaintiff as hereinafter set forth."
"4. That the aforesaid skidding and turning over of defendant's automobile, and the consequent injuries to plaintiff resulted proximately from the negligent acts of the defendant in driving his automobile at an unlawful, reckless and dangerous speed on a wet and slippery highway; that the highway at the point where the skidding occurred was about forty feet wide, and had the defendant been operating his said automobile at a moderate and reasonable speed, the skidding of the automobile would not have been serious, as there was ample space within which to have righted it, but that due to the high rate of speed at which the automobile was driven by the defendant, he completely lost control *Page 575 
of his said automobile, and that as a proximate result plaintiff was seriously and permanently injured as hereinafter set forth."
In his answer the defendant denied that the plaintiff was injured by his negligent operation of the automobile in which she was riding. He alleged that the wheels of his automobile ran onto an oily or slick spot on the highway, which he did not see and could not have seen, and that this caused the automobile to skid and turn over, and thereby to injure the plaintiff. In further defense to the cause of action alleged in the complaint, the defendant alleged in his answer:
"1. That the skidding of defendant's automobile on the slick spot on the cement highway was nothing more than an unforeseeable accident, which is a hazard attending every journey, and is assumed by every journeyer, including the plaintiff. The defendant pleads this assumption of the hazards of the journey by plaintiff in bar of her recovery in this action."
"2. The plaintiff was as thoroughly advertent to the weather conditions, to the type and width of the highway, to the manner in which defendant was operating his automobile and to every other fact which she now alleges as negligence, as was the defendant; and that plaintiff, without protest or remonstrance, but with her signified approval, elected voluntarily to continue her journey, thereby voluntarily assuming the risk of the skidding of the automobile, and all its resulting consequences. The defendant pleads this assumption of risk by the plaintiff in bar of her recovery in this action."
The only evidence offered at the trial, tending to show the circumstances under which the plaintiff was injured, was her testimony. She testified as follows:
"I am 30 years of age, and reside at Tarboro, N.C. During the summer of 1931 I was visiting friends at Charlotte, N.C. I have known the defendant, Frank Hall, for some time. He called to see me frequently while I was visiting at Charlotte, and did what he could to make my visit pleasant.
"On 1 August, 1931, the defendant and I went from Charlotte to Belmont, in his automobile, to visit a friend who was sick. Belmont is sixteen miles from Charlotte. We left Belmont at about 11:30 o'clock at night. I was riding with the defendant in his automobile. He was driving. We were riding in the automobile on the State highway from Belmont to Gastonia. This highway is hard surface and is about forty feet wide. There are four traffic lanes, two for fast driving, and two for slow driving. We were riding on the lane for fast driving from Belmont to Gastonia. The accident occurred when we were about a mile from Belmont. It was about 11:30 o'clock at night and pouring rain. We were not meeting automobiles at the time of the accident. The traffic *Page 576 
was not dense. I knew that the defendant was driving fast — at a speed not less than fifty miles per hour. The automobile skidded suddenly, turned and twisted, and ran off the highway and down the embankment. I was thrown from one side of the automobile to the other. When the automobile stopped, I was so dazed I did not know what had happened. The automobile ran off the right side of the highway. I was sitting on the right side of the automobile. After the accident, the defendant in reply to a question from a by-stander, as to what caused the accident, said: `I was running too fast. I was driving sixty-five miles per hour.' I knew that the defendant was driving too fast. I did not request him to slow down. I was satisfied with the operation of the automobile by the defendant. The whole story about the accident is that the automobile was running along and suddenly began to skid. That is all that there is to the way the accident happened. That is all I know about it. The defendant and I were engaged in conversation at the time the automobile skidded."
There was evidence tending to show the nature and extent of the injuries suffered by the plaintiff, as the result of the accident and the amount of the damages sustained by her caused by her injuries.
No evidence was offered by the defendant in contradiction of the testimony of the plaintiff as to the facts and circumstances leading up to and surrounding the accident. The defendant, for the purposes of the trial, admitted that these facts and circumstances were as the plaintiff had testified. There was no exception to the evidence offered by the plaintiff tending to show the nature and extent of her injuries, or the amount of her damages.
The issues submitted to the jury were answered as follows:
"1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.
2. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $8,542."
From judgment that plaintiff recover of the defendant the sum of $8,542, and the costs of the action, to be taxed by the clerk, the defendant appealed to the Supreme Court.
The uncontradicted evidence at the trial of this action showed that immediately before and at the time the automobile in which the plaintiff was riding, and which the defendant was driving, skidded and ran off the highway, the defendant was driving, knowingly and wilfully, at a greater rate of speed than forty-five miles per hour. *Page 577 
He was driving at a rate of sixty-five miles per hour. He was, therefore, violating the statute, which provides that it shall be unlawful for any person to drive an automobile on a highway in this State at a greater rate of speed than forty-five miles per hour. N.C. Code of 1931, sec. 2621(46). The violation of this statute was in itself negligence. The conditions with respect to the weather, the traffic on the highway, or the surface and width of the highway, were immaterial. The speed at which the defendant was driving his automobile was unlawful, and therefore constituted negligence. All the evidence showed further that this negligence on the part of the defendant was the proximate cause of the skidding of the automobile and the consequent injuries suffered by the plaintiff.
In Godfrey v. Coach Company, 201 N.C. 264, 150 S.E. 412, it is said: "The violation of a statute intended and designed to prevent injury to persons or property, or the failure to observe a positive requirement of the law, is under a uniform line of decisions, negligence per se, Dickey v.R. R., 196 N.C. 726, 147 S.E. 15; Ledbetter v. English, 166 N.C. 125,81 S.E. 1066, and when a violation or failure of this kind is admitted or established, it is ordinarily a question for the jury whether such negligence was the proximate cause of the injury. Stultz v. Thomas,182 N.C. 470, 109 S.E. 361." See Butner v. Whitlow, 201 N.C. 749,161 S.E. 389.
There was, therefore, no error in the refusal of the court at the trial of this action to allow the motion of the defendant for judgment dismissing the action as of nonsuit, unless, as contended by the defendant, the plaintiff is barred of recovery because she failed to remonstrate with the defendant as to the speed at which he was driving the automobile in which she was riding as his invited guest, and to request him to lessen the speed, which she knew was too fast. The defendant does not contend that plaintiff contributed to her injuries by her own negligence in riding with him in his automobile under the conditions as to the weather, the traffic on the highway, and its width and surface, as shown by the evidence. His sole contention is that plaintiff assumed the hazards of a journey in an automobile, including the wilful negligence of the driver in violating a statute which prescribes the maximum speed at which an automobile may be lawfully driven on a highway in this State.
It is conceded that there are circumstances under which even an invited guest riding in an automobile driven by his host, owes the duty to himself to remonstrate against the excessive speed at which his host is driving his automobile, and to request him to lessen his speed, and that a failure on the part of such guest to discharge this duty bars his recovery of damages caused by the negligence of his host. King v. Pope, *Page 578 202 N.C. 554, 163 S.E. 447, Nettles v. Rea, 200 N.C. 44,156 S.E. 159. This principle, however, is not applicable to the facts shown by all the evidence in the instant case.
It does not appear from the evidence that plaintiff had an opportunity to discharge the duty imposed upon her by the law to remonstrate with the defendant and to request him to lessen his speed. Plaintiff and defendant had been driving only about a mile, when the defendant increased his speed to sixty-five miles per hour. His negligence, while probably not gross or wanton, was wilful and intentional, and could not have been anticipated by the plaintiff, when she entered defendant's automobile as his guest.
Under the circumstances as shown by all the evidence, plaintiff was not required to remonstrate with the defendant, or to request him to lessen his speed, although she knew that he was driving too fast. The automobile skidded suddenly, before the plaintiff had an opportunity to protest to the defendant as to his speed. It cannot be held that she voluntarily assumed the risk of defendant's wilful, and intentional negligence. There was no error in the refusal of the court to dismiss the action as of nonsuit.
Nor was there error in the refusal of the court to submit the issues tendered by the defendant. There was no evidence tending to support defendant's contentions with respect to these issues, which were not material to the trial. C. S., 584. The judgment is affirmed.
No error.
STACY, C. J., and BROGDEN, J., dissenting opinions.