DR. J. H. WHITE v. AUBREY G. McCABE, ADMINISTRATOR, ET AL.

(Filed 26 June, 1935.)

**1. Appeal and Error J e—Error must be prejudicial to defendant in order to entitle him to a new trial upon appeal.**

When the negligence of the driver of an automobile is clearly established by the evidence as the proximate cause of the accident in suit, which resulted in the death of the driver and personal injuries to plaintiff, a guest in the car, and it is admitted by defendant administrator that the damages awarded by the jury are not excessive, error, if any, in allowing plaintiff to bring to the jury's attention the question of liability insurance on the automobile does not entitle the administrator to a new trial upon appeal, since the administrator could not have been prejudiced thereby, and the basis for a new trial is to afford relief for material, prejudicial error, or error except for which a different result would likely have ensued.

2. **Automobiles C j—Driver may be held liable to guest for ordinary negligence resulting in injury to the guest.**

   A guest in an automobile, injured in a collision, may recover of the driver, under the laws of this State, if the collision is the result of want of ordinary care on the part of the driver, and it is not necessary that the driver be guilty of gross or wanton negligence, and the law of this State is applicable to an action to recover for injuries to a guest in a collision occurring in this State.

3. **Automobiles D c—Owner of car held not liable for negligence of father in driving car as a matter of law.**

   The evidence tended to show that defendant, a *feme sole*, was the owner of the automobile involved in the collision in suit, and that she lived in the house with her father and managed his house, and that her brother and his family also lived in the house, and that the car was used by the adult members of the house, especially by defendant's father, for pleasure, and that defendant owned another car for her exclusive personal use. Plaintiff, a guest in the car, was injured in a collision resulting from the negligence of defendant's father, who was driving the car at the time, defendant not being present. *Held:* An instruction that the negligence of the father was imputed to the daughter, the defendant, as a matter of law is erroneous, ownership alone being insufficient to establish liability, and defendant not being liable under the family-purpose doctrine as a matter of law.

BROGDEN, J., dissents.

APPEAL by defendants from *Moore, Special Judge,* at September Term, 1934, of PASQUOTANK.

Civil action to recover damages for an alleged negligent injury caused by a collision between two automobiles, one a Pontiac sedan owned by Margaret McCabe and driven at the time by her father, J. T. McCabe; the other owned and operated by R. J. Morse. The plaintiff was a guest in the McCabe car. The allegations of negligence in the present action are all leveled against the driver and owner of the car in which the plaintiff was riding.

The collision occurred Sunday, 3 September, 1933, about 7:30 p.m., near Campbell's filling station on the highway between Moyock and Sligo, in Currituck County, and as a result J. T. McCabe was killed and the other occupants were injured. The deceased had invited the plaintiff and two other friends to go with him on a pleasure drive from Elizabeth City to Virginia Beach. They were on the return trip. The car was being used with the owner's consent, though she was not present.

It is in evidence that the car was being driven on the wrong side of the road and at a high rate of speed, between 50 and 60 miles an hour, at the time of the impact. The defendants, on the other hand, offered evidence of somewhat equivocal character that the Morse car was responsible for the collision. It was not quite dark—just getting dark—and cars then upon the highway were being driven without lights.

In selecting the jury, the plaintiff, over objection, asked if any juror was employed by or interested in any liability insurance company. (Motion for mistrial; overruled; exception.) The court found that these questions were propounded in good faith.

M. T. Bohannon, an attorney of Norfolk, who investigated the accident, testified for the defendants. He was asked on cross-examination if he did not represent the Liability Insurance Corporation, Ltd., of London. He answered that he represented the Employers Liability Insurance Corporation. Then, further: "Q. You know the interest you had in coming down here was because you knew your company was liable on account of that accident, potentially, up to a total sum of forty thousand dollars? That the policy written on this car is what is known as a $20,000-$40,000 policy? (Objection overruled; exception.) A. That is what I was told." (Motion to strike; overruled; exception.) The court found that these questions were propounded in good faith to show the partiality and bias of the witness. It further appears in the agreed statement of case on appeal: "Upon the issue of damages, the plaintiff offered evidence . . . sufficient to justify the verdict rendered by the jury. . . . Defendants made no contention in the court below, and make none here, that the damages awarded were excessive."

With respect to the liability of Margaret McCabe, adult daughter of J. T. McCabe and owner of the car, it is in evidence that she lived with her father and managed his house. The father paid all the expenses of the home. Her brother, A. G. McCabe, and his family also lived in the same household. The Pontiac sedan was used by adult members of the household, thus constituted, at their pleasure, without immediate permission from the *feme* defendant, this being particularly true of her father, who used the car more frequently than any other member of the family.

The *feme* defendant owned still another car, which was reserved for her own personal use. She was away from home on 3 September, 1933. J. T. McCabe went driving practically every Sunday. He was on his own pleasure the day he was injured. "He was not going on any business for Margaret or any pleasure for her; just for himself and his friends."

Upon the foregoing evidence, the court instructed the jury to answer the issue of negligence against the *feme* defendant, if the negligence of her father was found to be the proximate cause of plaintiff's injury. Exception.

In apt time, the defendant administrator asked the court to instruct the jury that the McCabe estate would not be liable for simple or ordinary negligence on the part of J. T. McCabe, and would only be liable for gross or wanton negligence on his part. (Prayer refused; exception.)

Separate issues of negligence were submitted to the jury and answered in the affirmative as to each defendant, and damages awarded. Judgment accordingly, from which the defendants appeal, assigning errors.

*McMullan & McMullan for plaintiff.*
*L. T. Seawell and Worth & Horner for defendants.*

STACY, C. J., after stating the case: It may be conceded that the question of liability insurance was brought to the attention of the jury in excess of any manner heretofore approved by our decisions. *Fulcher v. Lumber Co.,* 191 N. C., 408, 132 S. E., 9. The limitation upon such references is clearly marked in this jurisdiction. *Bryant v. Furniture Co.,* 186 N. C., 441, 119 S. E., 823. Nevertheless, in the instant case, it is conceded that the evidence offered by the plaintiff, on the issue of damages, is sufficient to justify the award, and that the amount is not excessive. In the face of this concession and the evidence of negligence against the driver of the car, it would seem that the defendant administrator is in no position to complain at the rulings in respect to such information being given to the jury. Annotation, 56 A. L. R., 1418.

The foundation for the application of a new trial is the allegation of injustice arising from error, except for which a different result would likely have ensued, and the motion is for relief upon this ground. Unless, therefore, some wrong has been suffered, there is nothing to relieve against. The injury must be positive and tangible and not merely theoretical. To be reversible it must appear that the error was material and prejudicial to appellant's rights. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604.

With the negligence of J. T. McCabe clearly established and the non-excessiveness of the damages admitted, the references to liability insurance would seem to be without material significance or bearing on the case so far as the administrator's appeal is concerned. *Allen v. Garibaldi,* 187 N. C., 798, 123 S. E., 66. And in view of the subsequent disposition to be made of the *feme* defendant's appeal, further consideration of these exceptions may be pretermitted.

There was no error in refusing to instruct the jury, as requested by defendant, that plaintiff could not recover except for gross or wanton negligence on the part of J. T. McCabe. Such is the law of Virginia (*Wise v. Hollowell,* 205 N. C., 286, 171 S. E., 82), but the collision occurred in this State, and it has been held with us that a guest riding in an automobile may recover of his host for actionable negligence, or want of ordinary care, which proximately produces the injury. *Norfleet v. Hall,* 204 N. C., 573, 169 S. E., 143; *King v. Pope,* 202 N. C., 554, 163 S. E., 447. See, also, *S. v. Cope,* 204 N. C., 28, 167 S. E., 456.

The injury having occurred here, the case is governed by the law of this State. *Wise v. Hollowell, supra.*

There was error, however, in the instruction that the negligence of J. T. McCabe is imputable to Margaret McCabe as a matter of law. This exception must be sustained. "The owner of an automobile is not liable for personal injuries caused by it merely because of his ownership." *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096. Nor would she be liable as a matter of law under the family-purpose doctrine. *McGee v. Crawford,* 205 N. C., 318, 171 S. E., 326; *Allen v. Garibaldi, supra.*

It follows, therefore, that the judgment must be affirmed as against the administrator of the estate of J. T. McCabe and reversed as to the *feme* defendant.

On administrator's appeal,

No error.

On Margaret McCabe's appeal,

New trial.

BROGDEN, J., dissents on grounds stated in *Norfleet v. Hall,* 204 N. C., 573.