FRANK PITTMAN v. J. C. DOWNING AND JAMES A. BOYCE.

(Filed 22 January, 1936.)

1. **Automobiles C j—Where driver's negligence is established, his motion to nonsuit guest's action on defenses raised by answer is properly refused when there is conflict of evidence on such defenses.**

   In an action by a guest against the driver of a car to recover damages sustained in a collision caused by the driver's negligence, the driver's motion to nonsuit on the ground of joint enterprise, contributory negligence, C. S., 523, and assumption of risk is properly refused when there is

conflict of evidence as to whether the guest had the right or did control the driving of the car, and as to the issue of contributory negligence and assumption of risk, since a defendant is entitled to nonsuit plaintiff on defenses raised in his answer only when all the evidence, considered in the light most favorable to plaintiff, sustains such defenses.

**2. Evidence B b—**

The burden of proof is on defendant to establish affirmative defenses pleaded by him in his answer.

**3. Trial D a—**

Where defendant relies upon affirmative defenses pleaded in his answer, his motion to nonsuit, based upon such defenses, is properly refused unless all the evidence, considered in the light most favorable to plaintiff, sustains the defenses relied upon in bar of recovery.

**4. Automobiles C d—Turning car from highway into side road is not negligence when timely warning of purpose to turn is given.**

Evidence that the driver of a car gave timely warning before turning his car from the highway into a side road is sufficient to sustain the jury's finding that he was not negligent in so turning, and in the driver's cross action to recover damages sustained in a collision with a car driven by his codefendant, set up in his answer in an action against both drivers instituted by a guest in his codefendant's car, the codefendant's motion to nonsuit the cross action on the ground of contributory negligence is properly denied.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant J. C. Downing from *Moore, Special Judge,* at June Special Term, 1935, of MARTIN. No error.

This action was instituted in the Superior Court of Martin County to recover of the defendant J. C. Downing damages for personal injuries suffered by the plaintiff Frank Pittman and resulting from a collision on a State highway, in Chowan County, between two automobiles, one owned and driven by the defendant J. C. Downing, and the other owned and driven by James A. Boyce. In his complaint the plaintiff alleges that the collision between the two automobiles, and his resulting injuries, were caused by the negligence of the defendant J. C. Downing in driving his automobile recklessly and at an excessive rate of speed.

In his answer the defendant J. C. Downing denies all allegations of negligence in the complaint, and alleges that the collision was caused by the negligence of James A. Boyce, who was thereupon, on the motion of the said defendant, duly made a party defendant in the action. The defendant sets up in his answer certain defenses to plaintiff's recovery in this action.

James A. Boyce, after he had been made a party defendant in the action, filed an answer in which he admitted the allegations of the complaint, and denied the allegations in the answer of the defendant J. C. Downing. In further answer to the cross action against him set up in

the answer of the defendant J. C. Downing, he alleged that he was injured by the negligence of the said defendant, and prayed judgment that he recover of the defendant J. C. Downing damages for said injuries.

Issues arising on the pleadings were submitted to the jury and were answered contrary to the contentions of the defendant J. C. Downing, and favorably to those of the plaintiff and of the defendant James A. Boyce.

The jury found that both the plaintiff and the defendant James A. Boyce were injured by the negligence of the defendant J. C. Downing, as alleged in their respective pleadings; that neither the plaintiff nor the defendant James A. Boyce, by his negligence, contributed to his respective injuries; and that the plaintiff was not engaged in a joint enterprise with the defendant J. C. Downing at the time of the collision, and had not assumed the risk of a collision on the highway by riding as a passenger in the automobile owned and driven by the defendant J. C. Downing, as alleged in his answer. The jury assessed the damages of the plaintiff at $2,500 and of the defendant James A. Boyce at $1,000.

From judgment that plaintiff recover of the defendant J. C. Downing the sum of $2,500, and that the defendant James A. Boyce recover of his codefendant the sum of $1,000, and that the costs of the action be taxed against the defendant J. C. Downing, the said defendant appealed to the Supreme Court, assigning as error the refusal of the trial court to allow his motions for judgment as of nonsuit, at the close of all the evidence, and to give peremptory instructions to the jury, in accordance with his request.

*Elbert S. Peel for plaintiff.*
*Joseph C. Eagles, Jr., and Kenneth C. Royall for defendant J. C. Downing.*

CONNOR, J. On his appeal to this Court, the defendant J. C. Downing does not contend that there was no evidence at the trial of this action tending to show that the collision which resulted in injuries to both the plaintiff and the defendant James A. Boyce was caused by his negligence, as alleged in the complaint and in the answer of the defendant James A. Boyce. He concedes in the brief filed by his counsel, in effect at least, that all the evidence shows that at the time of the collision he was driving the automobile in which the plaintiff was riding as a passenger, and which collided with the automobile which the defendant James A. Boyce was driving, at a rate of speed greatly in excess of forty-five miles per hour, and that there was evidence tending to show that such violation of the statute, C. S., 2626 (46), was at least a proxi-

mate cause of the collision, and the resulting injuries suffered by the plaintiff and by the defendant James A. Boyce.

In support of his assignments of error with respect to the judgment recovered against him by the plaintiff, the defendant contends that all the evidence at the trial shows that at the time of the collision the plaintiff was engaged in a joint enterprise with him, that by his own negligence the plaintiff contributed to his injuries, and that when he entered the plaintiff's automobile as a passenger he assumed the risk of a collision on the highway with another automobile. These contentions are in support of defenses to plaintiff's recovery in this action, which are set up in defendant's answer, and cannot be sustained, for the reason that there is at least a conflict in the evidence as to the facts involved in these defenses. It cannot be held that all the evidence shows that plaintiff, while riding with the defendant as a passenger in defendant's automobile, had the right to control or did control the driving of said automobile. See *Jernigan v. Jernigan,* 207 N. C., 836, 178 S. E., 587. Nor can it be held that all the evidence shows that by his own negligence the plaintiff contributed to his injuries, see C. S., 523, or that he assumed the risk of a collision caused by the negligence of the defendant, as shown by all the evidence at the trial. See *Norfleet v. Hall,* 204 N. C., 573, 169 S. E., 143.

Where, in an action to recover damages for injuries caused by the alleged negligence of the defendant, the defendant not only denies all allegations of negligence in the complaint, but also pleads in his answer defenses available to him in bar of plaintiff's recovery in the action, the burden is on the defendant to sustain the defenses pleaded by him. It follows from this principle that where there is evidence at the trial tending to sustain the allegations of the complaint, the defendant is not entitled to a judgment as of nonsuit, unless all the evidence, considered in the light most favorable to the plaintiff, sustains defenses relied upon by the defendant in bar of plaintiff's recovery.

In support of his assignments of error with respect to the judgment recovered against him by the defendant James A. Boyce, the defendant contends that all the evidence shows that the injuries suffered by said defendant were caused by his own negligence, or at least that said defendant by his own negligence contributed to the injuries suffered by him as the result of the collision. These contentions cannot be sustained. The evidence pertinent to the defenses relied on by the defendant in bar of a recovery in this action by his codefendant was properly submitted to the jury. If the jury believed the testimony offered as evidence by the defendant James A. Boyce, as they evidently did, the said defendant was not negligent in turning his automobile from the highway into the side road. He gave timely warning of his purpose to

do so, and in that case, the collision, and his resulting injuries, were caused by the negligence of the defendant J. C. Downing, as found by the jury.

After a careful review of the evidence in this case, we are of opinion that the assignments of error relied on by the defendant J. C. Downing on his appeal to this Court cannot be sustained.

No error.

DEVIN, J., took no part in the consideration or decision of this case.