### T. S. MUNDAY v. BANK OF FRANKLIN.

(Filed 24 February, 1937.)

1. **Banks and Banking § 9—**

The relationship of debtor and creditor exists between a bank and a guarantor of payment on a note payable to the bank, and the bank may apply the guarantor's deposit in a checking account to the note upon nonpayment at maturity by the maker.

2. **Limitation of Actions § 12a—**

The application by the payee bank of the checking deposit of the guarantor of payment of the note is a part payment repelling the bar of the statute of limitations.

3. **Appeal and Error § 39—**

A judgment will not be disturbed on appeal, even if partly erroneous, when the judgment is in conformity with the ultimate rights of the parties, since the litigants are interested in practical errors which result in harm and not in theoretical ones which produce no injury.

APPEAL by plaintiff from *Harding, J.*, at August Term, 1936, of MACON.

Civil action to recover on contract.

The facts are these: Prior to 15 December, 1930, the defendant became indebted to the plaintiff in the principal sum of $1,452.38, represented by time certificate of $1,256.67 (reissued 30 October, 1931), and checking account of $195.71. On said date the defendant, being financially embarrassed, was allowed to operate only under restrictions, and continued under such restrictions until 14 February, 1934, when it again resumed its full status as a solvent banking institution. On 12 February, 1934, having in its possession a past-due note of $1,000, executed by C. L. Ingram and endorsed and "payment guaranteed at any time after maturity" by plaintiff, the same was set off and charged against plaintiff's account. Defendant admits its liability to plaintiff for the balance of said account.

The court, being of opinion that the defendant had the right to charge plaintiff's account with said note, upon which he was endorser and guarantor, before it was barred by the statute of limitations, so instructed the jury and gave judgment accordingly, from which the plaintiff appeals, assigning errors.

*J. N. Moody and George B. Patton for plaintiff, appellant.*
*Jones & Jones and G. L. Houck for defendant, appellee.*

STACY, C. J. It will be observed that the plaintiff was not only an endorser of the Ingram note, but also a guarantor. As such, the relation of debtor and creditor existed between him and the defendant, and under the decision in *Trust Co. v. Trust Co.*, 188 N. C., 766, 125 S. E., 536, the charge or credit was properly entered in respect of the checking account, if not the certificate of deposit, which would repel the bar of the statute of limitations, the only point in dispute, and ultimately end in the same result as the judgment entered below. Hence, the trial will not be disturbed. It is not after the manner of appellate courts to upset judgments when the action of the trial court, even if partly erroneous, could by no possibility injure the appellant. *Bechtel v. Weaver*, 202 N. C., 856, 164 S. E., 338; *Bank v. McCullers*, 201 N. C., 440, 160 S. E., 494; *Daniel v. Power Co., ibid.*, 680, 161 S. E., 210; *Rankin v. Oates*, 183 N. C., 517, 112 S. E., 32; *Butts v. Screws*, 95 N. C., 215. Litigants are interested in practical errors which result in harm, not in theoretical ones which produce no injury. *White v. McCabe*, 208 N. C., 301, 180 S. E., 704; *S. v. Beal*, 199 N. C., 278, 154 S. E., 604; *Brewer v. Ring and Valk*, 177 N. C., 476, 99 S. E., 358.

The pertinent decisions are to the effect that "a bank has the right to apply the debt due by it for deposits to any indebtedness by the de-

positor, in the same right, to the bank, provided such indebtedness to the bank has matured." *Hodgin v. Bank,* 124 N. C., 540, 32 S. E., 887, and cases there cited. See, also, *In re Bank of Sampson,* 205 N. C., 333, 171 S. E., 436; *Lumberton v. Hood, Comr.,* 204 N. C., 171, 167 S. E., 641; *Coburn v. Carstarphen,* 194 N. C., 368, 139 S. E., 596; *Moore v. Bank,* 173 N. C., 180, 91 S. E., 793; *Davis v. Mfg. Co.,* 114 N. C., 321, 19 S. E., 371; *Adams v. Bank,* 113 N. C., 332, 18 S. E., 513.

Had the plaintiff been simply an endorser, and not a guarantor of the Ingram note, a different question might have arisen. *Harrison v. Harrison,* 118 Ind., 179, 20 N. E., 746, 4 L. R. A., 111; 3 R. C. L., 591. However, we make no present ruling on this question as it is unnecessary to do so.

The verdict and judgment will be upheld.

No error.