MARIE BARRETT v. JOHN T. WILLIAMS ET AL.

(Filed 17 September, 1941.)

**1. Betterments § 1—**

One of petitioners for betterments admitted that he had notice of the condition of the record title, under which respondents later obtained judgment for the land, some ten years prior to respondents' recovery, and further admitted that all of the improvements placed upon the land by petitioner would exhaust themselves within a period of five years, so that it appeared that at the time of respondents' recovery the value of the land had not been increased by reason of improvements placed thereon by petitioners under a *bona fide* belief that they held the true title. *Held:* Petitioners not being entitled to betterments, an error of the court in directing a verdict in respondents' favor upon the issue of estoppel by record is harmless. C. S., 699, 701.

**2. Appeal and Error § 39—**

A new trial will be granted only for practical errors which result in harm, and when it conclusively appears upon the facts appearing of record that appellants are not entitled to the relief sought, a new trial will not be awarded for mere technical error.

APPEAL by defendants from *Burgwyn, Special Judge,* at May Term, 1941, of PASQUOTANK.

Petition for betterments.

Following the final adjudication of plaintiff's right to recover the *locus in quo,* consisting of 50 acres of land in Pasquotank County, see 218 N. C., 775, 10 S. E. (2d), 658; 217 N. C., 175, 7 S. E. (2d), 383; 215 N. C., 131, 1 S. E. (2d), 366, petition for betterments was filed herein by the defendants.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the petitioner make permanent improvements upon the land under a title believed by him to be good? Answer: 'Yes.'

"2. If so, did the petitioner have reasonable grounds to believe that he had a good title to the lands when he made such improvements? Answer: 'Yes.'

"3. To what amount is the value of the premises increased by such permanent improvements? Answer: '$2,000.00.'

"4. What was the average rental value of said lands from 1931 to 1941, inclusive? Answer: '$2.00 per acre per year.'

"5. Are the defendants estopped by record from asserting that, at the time of the making of alleged permanent improvements, they reasonably believed their title to be good? Answer: 'Yes' (peremptory instruction by the court)."

From judgment on the verdict denying betterments, the defendants appeal, assigning errors.

*McMullan & McMullan for plaintiff, appellee.*
*J. H. Hall and M. B. Simpson for defendants, appellants.*

STACY, C. J. In directing an answer to the 5th issue, the court held as a matter of law that the defendants were estopped by the record herein from asserting any claim for betterments. The ruling seems to have been an inadvertence, *Pritchard v. Williams,* 176 N. C., 108, 96 S. E., 733, on rehearing 178 N. C., 444, 101 S. E., 85; *S. c.,* 181 N. C., 46, 106 S. E., 144; *Faison v. Kelly,* 149 N. C., 282, 62 S. E., 1086, though not necessarily fatal. *Foxman v. Hanes,* 218 N. C., 722, 12 S. E. (2d), 258; *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32. "A new trial will not be granted when the action of the trial judge, even if erroneous, could by no possibility injure the appellant." *Butts v. Screws,* 95 N. C., 215. It is not after the manner of appellate courts to prolong litigation merely for theoretical reasons. *Munday v. Bank,* 211 N. C., 276, 189 S. E., 779. Litigants are interested only in practical errors which result in harm. *White v. McCabe,* 208 N. C., 301, 180 S. E., 704; *Brewer v. Ring and Valk,* 177 N. C., 476, 99 S. E., 358.

The petitioner, John T. Williams, testified that about fifteen years ago, mayhap in 1910, he went to the bank to borrow some money and "found out at that time how the title to this particular piece of land was." Upon this admission, the court instructed the jury not to consider any improvements thereafter placed upon the land by the defendants. The petitioner further admitted, on cross-examination, that all the improvements which he placed upon the land would exhaust them-

selves in varying periods from one to three to five years. It follows, therefore, that at the time of plaintiff's recovery, the value of the land had not been increased by reason of any permanent improvements placed thereon by the defendants under a *bona fide* belief that they held the true title. C. S., 699 and 701.

In this state of the record, it would seem that no harm has come to the defendants in denying their claim for betterments. Hence, the result of the trial will not be disturbed.

No error.